IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY A. BECKMAN        *

   Claimant        *

v.        *  Civil Case No. MJG-16-4081

           *

COMMISSIONER, SOCIAL SECURITY        *

           *

*************

# REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and the related filings. (ECF Nos. 15, 17, 18, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Beckman protectively filed claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on August 13, 2013, alleging a disability onset date of June 25, 2013. (Tr. 209-21). His claims were denied initially and on reconsideration. (Tr. 85-100, 103-22). A hearing was held on September 3, 2015, before an Administrative Law Judge

1

("ALJ"). (Tr. 50-84). Following the hearing, the ALJ determined that Mr. Beckman was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 7-36). The Appeals Council ("AC") denied Mr. Beckman's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Beckman suffered from the severe impairments of "degenerative disc disease, cervical stenosis, and ischemic heart disease." (Tr. 12). Despite these impairments, the ALJ determined that Mr. Beckman retained the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally balance, stoop, kneel, crouch, and crawl; he can occasionally climb; and he can occasionally reach overhead with the bilateral upper extremities.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Beckman could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 29-30).

Mr. Beckman raises two primary arguments on appeal: (1) that the ALJ did not appropriately consider the opinions of his treating nurse practitioner and physician's assistant; and (2) that the ALJ erred in assessing his credibility. I concur that the ALJ's credibility analysis is lacking, and thus recommend remand for further explanation.

Mr. Beckman primarily argued that he was disabled as a result of debilitating neck pain. *See, e.g.,* (Tr. 54) (Mr. Beckman's attorney arguing, "really the disability seems to develop around the cervical area. It's related to his back and his neck and then numbness that he has throughout and that radiates out from that."). When asked what prevented him from working, Mr. Beckman testified:

> My neck bothers me, I have trouble lifting my hands, I had one wrist operated on for carpal tunnel and the morning after I had it operated on I had another heart attack. So now nobody will do anything for another year. I have to be on my

> heart medication another year before anybody can even work on my other wrist or they can do anything to my neck now.

(Tr. 61). "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians…and any other relevant evidence in the case record." SSR 96-7P, 1996 WL 374186, at *1 (S.S.A. July 2, 1996). An ALJ cannot rely exclusively on objective evidence to undermine a claimant's subjective assertions of disabling pain. *See Lewis v. Berryhill,* 858 F.3d 858 (4th Cir. 2017).

Oddly, in this case, the ALJ essentially fails to evaluate Mr. Beckman's assertions of disabling neck pain. The ALJ does consider Listing 1.04, for spine disorders, and explains the finding that the Listing has not been met. (Tr. 13). The ALJ also provides a lengthy and detailed summary of Mr. Beckman's medical appointments, many of which include descriptions of continuing neck and back pain. (Tr. 16-25). However, when turning to an analysis of the medical evidence, the ALJ focuses on cardiac-related appointments and information. For example, the ALJ asserts that the "treatment record does not support his allegations regarding the severity of his limitations," (Tr. 25), citing numerous appointments at which Mr. Beckman had normal blood pressure and no heart symptoms. (Tr. 25-26). The ALJ does state that there were "normal findings" on neck examinations at two of those appointments, but that type of objective evidence alone cannot be used to undermine Mr. Beckman's assertions of neck pain. (Tr. 25-26). The ALJ further asserts that medications and treatment have effectively controlled Mr. Beckman's symptoms, citing the fact that Nitroglycerin improves his chest pains and wrist splints help his CTS. (Tr. 26). Again, there is no mention of any of the treatment for his neck pain and whether or not it is effective. The ALJ then establishes that Mr. Beckman has no side

effects from his medications. (Tr. 26). The ALJ suggests that Mr. Beckman is not compliant with treatment because he does not measure his blood pressure, which has no relevance to neck pain. (Tr. 27). Ultimately, the ALJ concludes that, "repeated physical examinations have failed to reveal significant ongoing psychological, respiratory, or cardiac signs, or significant neurological deficits or decreased strength or range of motion, as would be expected with the degree of limitation alleged." *Id*. Again, that conclusion makes no mention of pain.

In the absence of analysis of the alleged disabling pain, the ALJ's opinion is not susceptible to effective appellate review. Accordingly, remand is appropriate to allow the ALJ to assess the primary reason that Mr. Beckman alleges he is unable to work. In recommending remand, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Beckman is capable of substantial gainful employment is correct or incorrect.

Mr. Beckman's other argument is less persuasive. The ALJ did not simply reject the opinions of Kenneth W. Hawk, CRNP, and Jessica Livengood, PA-C, on the grounds that they were non-acceptable medical sources. *Id*. Instead, the ALJ assessed the contents of each opinion and explained the substantive reasons for the assignments of "little to no weight." *Id.* Accordingly, the evaluation of those opinions does not provide an independent basis for remand.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 18];
2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 15];
3. the Court REVERSE IN PART due to inadequate analysis the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: August 17, 2017                                        /s/
                                                           Stephanie A. Gallagher
                                                           United States Magistrate Judge